UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM PEDROS VILLABOLOS, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> MICHAL BRITT, *et al.*, ) <br> ) <br> *Respondents*. ) <br> ) | Civil Action No. 1:22-cv-01866 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* petition for habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant petitioner's IFP application and dismiss the case for the reasons stated herein.

Petitioner, who is currently in the custody of the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ"), was convicted in the 155th Criminal District Court in Fayette County, Texas. He has filed a 75-page Petition that is difficult to follow and patently fails to comply with Federal Rule of Civil Procedure 10(b) and D.C. Local Civil Rule 5.1(d), (e), and (g). Petitioner sues his warden, two assistant wardens, and the TCDJ Correctional Institutions Division Director.

The Petition is premised as one for relief pursuant to 28 U.S.C. § 2241. Insofar as petitioner seeks relief under that statute, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of

§ 2241 habeas relief"). Therefore, this Court lacks jurisdiction over any of petitioner's § 2241 claims.

Petitioner also seemingly seeks a presidential pardon, which he may not do, because this Court is without the authority to direct the President of the United States to grant, process, or even consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control").

Thereafter, the Petition digresses into vague discussions, regarding a range of unrelated topics, including, for example: "abandonment of acquisition of securitization;" an "absconding debtor;" tax delinquency; a demand to remove petitioner's name from all "databases indicating bad credit, commercial liens, [,] and/or the titles of criminal, felon and/or debtor[;]" real property in Olympia, Washington; personal property in Texas; the Uniform Commercial Code; the UNCITRAL Convention; Interpol; the International Monetary Fund; a demand for some unspecified "settlement," "release of bond," and "close of escrow;" a federal court's obligations to accept proposed submissions and broad allegations regarding the withholding of petitioner's documents, and; the purported obligations of the Clerk of Court to file tax documents on his behalf. Petitioner also states that he is a "secured party creditor" and, in so doing, generally contends that "American is a bankrupt nation owned completely by it(s) creditor(s)! The creditors own the congress, they own the executive[,] they own the judiciary[,] and they own all the state government(s). Do you have a birth certificate? They own you too!!!"

Rule 8(a) of the Federal Rules of Civil Procedure requires a petition to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant Petition falls within this category. As presented, neither the Court nor respondents can reasonably be expected to identify petitioner's claims, and the Petition also fails to set forth allegations with respect to this Court's jurisdiction over his entitlement to relief.

For all of these reasons, the case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 29, 2022

/s/_____
CARL J. NICHOLS
United States District Judge